

FILED
MAY 3 1 2011
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| FIRST DAKOTA NATIONAL BANK, | * | CIV. 08-4167 |
| Plaintiff, | * | |
| | * | ORDER |
| -vs- | * | |
| FIRST NATIONAL BANK OF PLAINVIEW, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Court has determined that a choice of law analysis might be necessary in this case. In most jurisdictions, the Uniform Commercial Code (UCC) is viewed as superseding state common law relevant to the right of set-off, and South Dakota is in the majority of jurisdictions. *See Consolidated Nutrition, L.C. v. IBP, Inc.*, 669 N.W.2d 126 (S.D. 2003) (adopting majority view that priority scheme of Article 9 dictates the analysis to be applied in deciding the priority between a security interest and a set-off in the same collateral); *Rushmore State Bank v. Kurylas, Inc.*, 424 N.W.2d 649 (S.D. 1988) (South Dakota Supreme Court looked to Article 9 of the UCC to determine which party had priority in the collateral for purposes of deciding whether the defendant converted the collateral). The Eighth Circuit has recognized that Article 9 of the UCC rather than the common law governs the priority between the right of set-off and a perfected security interest. *See In re Apex Oil Co.*, 975 F.2d 1365 (8th Cir. 1992) (applying Texas law).[1] Prior to discovering these South Dakota cases through its own research, this Court believed South Dakota common law, including

---

[1] In *Apex*, the Eighth Circuit held that, where millions of dollars are at stake, a company acts unreasonably if it sets off a debt to it from another transaction after being given notice of another's security interest in the amount due. *See In re Apex*, 975 F.2d at 1370. As explained below, however, subsequent revisions made to Article 9 of South Dakota's UCC in 2000 now allow a bank to set off a debt even when it has notice of another's security interest. Assuming Texas has adopted Revised Article 9, the result in *Apex* likely would be different today.

the special deposit rule, applied to the priority dispute for purposes of the conversion claim in this case. The Court now concludes that, if South Dakota law applies, the special deposit rule does not apply to determining the parties' priority of interests. Rather, the Court must look to Article 9 of South Dakota's UCC to determine whether First Dakota's interest in the proceeds was greater than Plainview's interest, the second element of First Dakota's conversion claim. The Court also concludes that, if South Dakota law applies, SDCL §§ 57A-9-340 and 57A-9-341 govern this priority dispute. *See, e.g., Kentucky Highlands Investment Corp. v. Bank of Corbin, Inc.*, 217 S.W.3d 851 (Ky. App. 2006) (applying same sections of Kentucky UCC to determine bank had priority set-off right to funds in deposit account); *cf. General Electric Capital Corp. v. Union Planters Bank, NA*, 409 F.3d 1049 (8th Cir. 2005) (applying pre-revision Article 9 of Missouri UCC to determine priority of interests in funds swept from account by bank). These UCC provisions govern the rights of a bank with respect to deposit accounts.[2]

It appears that Minnesota follows the minority view that common law is not superseded by the UCC. *See State Bank of Rose Creek v. First Bank of Austin*, 320 N.W.2d 723 (Minn.1982). Plainview is a Minnesota bank and the money at issue was deposited and set-off in Minnesota. If conflicts exist between South Dakota and Minnesota law, the Court must decide which state's substantive law applies to the claim. *See Modern Equip. Co. v. Continental Western Ins. Co., Inc.*, 355 F.3d 1125, 1128 n. 7 (8th Cir. 2004) ( "If there is not a true conflict between the laws of Nebraska and Iowa on the pertinent issue, then no choice-of-law is required." (citing *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736 (8th Cir. 1995))); *Consul General of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003) ("Before considering any issues of conflict

---

[2]SDCL §§ 57A-9-340 and 57A-9-341 did not exist when this Court issued its opinion in *Meyer v. Norwest Bank Iowa, Nat. Ass'n*, 924 F. Supp. 964, 968 n.2 (D.S.D. 1996) (discussing South Dakota's common law "equitable" rule regarding bank's right of setoff, and noting that the South Dakota courts had not ruled that the equitable rule was superseded by the UCC), *rev'd on other grounds*, 112 F.3d 946 (8th Cir. 1997). Since the *Meyer* decision in 1996, the South Dakota legislature adopted Revised Article 9 of the UCC and, in the 2003 *Consolidated Nutrition* decision, the South Dakota Supreme Court held that the priority scheme of Article 9 dictates the analysis to be applied in deciding the priority between a security interest and a set-off in the same collateral.

of laws, we must first determine whether 'there actually is a difference between the relevant laws of the different states.'" (quoting *Phillips v. Marist Soc'y of Washington Province*, 80 F.3d 274, 276 (8th Cir. 1996))). Accordingly,

> IT IS ORDERED that, within 30 days from the date of this Order, the parties shall submit briefs addressing the following issues:
>
> 1. Explain whether there is a difference between the laws of South Dakota and Minnesota on conversion and unjust enrichment, particularly with regard to determining priority of interests for purposes of a conversion claim in the context of bank deposits and set-offs.
>
> 2. If a conflict of law exists, explain which state law governs the dispute in this case.
>
> 3. Explain the outcome of the conversion and unjust enrichment claims when the law is applied to the facts of this case.

Dated this 31st day of May, 2011.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY

3